IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
SOUTHERN TEXAS DIVISION

| | |
|---|---|
| DAVID J. HUDSON,<br>　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. _____<br>§ **Jury Demanded** |
| NATIONAL OILWELL VARCO L.P.<br>　　　Defendant. | §<br>§<br>§ |

### PLAINTIFF, DAVID J. HUDSON'S, ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** DAVID J. HUDSON, hereinafter called Plaintiff, complaining of and about **NATIONAL OILWELL VARCO L.P.**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### PARTIES AND SERVICE

1.　Plaintiff **DAVID J. HUDSON** is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2.　Defendant **NATIONAL OILWELL VARCO L.P.** may be served by serving its agent, CT Corporation authorized to accept service at 350 North St. Paul St. Suite 2900 Dallas Texas 75201.

### JURISDICTION

3.　The action arises under the Constitution of the United State of America as hereinafter more fully appears.

4.　This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or

controversy.

## NATURE OF ACTION

5.  This is an action under Title 42 U.S.C. Section 12101 et. seq. to correct unlawful employment practices on the basis of disability.

## CONDITIONS PRECEDENT

6.  All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's findings in this matter. While the Equal Employment Opportunity Commission did not issue a right to sue letter, Plaintiff sues to protect his rights against the unlawful employment practices of the Defendant.

## FACTS

7.  Plaintiff **DAVID J. HUDSON** was employed by the Defendant on or about June 23, 2003 as an hourly employee working in their manufacturing operation located 16503 Park Row, Houston, Texas as a DH Quality Inspector. Plaintiff notified the Defendant at the time of his employment that he had a medical issue with his eyes that made them sensitive to florescent lighting and that there was a need for him to wear dark or tinted glasses to lessen the strain on his eyes. At no time prior to his employment was he told that the medical issues would be a problem with the employer. Plaintiff fully disclosed his medical conditions to his supervisors over the course of his employment and complained to Defendant's Human Resources Department asking for changes to the Plaintiff's scheduling or transfer the Plaintiff to other work areas that

would accommodate his medical conditions and lessen the work environments impact on his ability to perform his job.

8. Plaintiff filed several request for accommodation so that his health would not be impacted to the extent that he developed other medical issues and was at times unable to perform his job. The Plaintiff's work performance was subsequently adversely impacted to the point he has having to take time off for additional medical testing and treatment. Over the course of his employment the Plaintiff complained to his superiors regarding the negative impact the work environment was having on his ability to perform his tasks.

9. The Plaintiff continued to perform his job to the best of his ability however he was terminated on or about January 11, 2013 based on false allegations of damaging company material while on the job.

10. Plaintiff had returned from a period of medical treatment due to his health, having just been released back to work by his physician, when the Defendant's used his alleged poor job performance as a pretext to terminate the Plaintiff.

11. Plaintiff was the victim of a hostile work environment due to his need for accommodation for his medical conditions, Defendant refused to acknowledge or address Plaintiff's needs as called for under the guidelines issued by the company and by Federal Law and used the allegations of poor work performance to terminate his employment.

## AMERICANS WITH DISABILITY ACT

12. Defendant, **NATIONAL OILWELL VARCO L.P.**, intentionally engaged in unlawful employment practices involving Plaintiff because of his disability.

13. Defendant, **NATIONAL OILWELL VARCO L.P.**, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 12112. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee.

14. At all material times, Plaintiff was able to perform the essential functions of his position without accommodation. Plaintiff has a disability and has a record of a disability which substantially limits at least one major life activity. Plaintiff was discriminated against on the basis of his disability and record of a disability.

15. Plaintiff alleges that Defendant, **NATIONAL OILWELL VARCO L.P.**, discriminated against Plaintiff on the basis of disability with malice or with reckless indifference to the protected rights of Plaintiff.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY NATIONAL OIL WELL

16. Defendant **NATIONAL OILWELL VARCO L.P.**, intentionally or recklessly caused emotional distress to the Plaintiff. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## RETALIATION BY NATIONAL OIL WELL

17. Plaintiff alleges that Defendant **NATIONAL OILWELL VARCO L.P.** instituted a campaign of retaliation which included harassment; intentional scheduling Plaintiffs work hours to adversely impact Plaintiff's ability to perform his job, intentionally refusing to promote the Plaintiff even when he was eligible due to his seniority with the company. This retaliation was and is due to Plaintiff exercising his

rights by opposing a discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

## DAMAGES

18. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Loss wages;

    b. All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    f. Inconvenience;

    g. Interest;

    h. Loss of enjoyment of life;

    I. Mental anguish in the past;

    j. Mental anguish in the future;

    k. Loss of earnings in the past;

    l. Loss of earning capacity which will, in all probability, be incurred in the future; and

    m. Loss of benefits.

## EXEMPLARY DAMAGES

19. Plaintiff would further show that the acts and omissions of Defendant

complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, DAVID HUDSON, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
R. T. WILLIS
Attorney-in-Charge
Texas Bar No. 24034786
Southern District bar No: 32244
205 E. San Augustine, Suite B
Deer Park, Texas 77536
Tel. (281) 542-9555
Fax. (281) 542-9611
E-Mail: rtwillis@deerparklawyer.com
Attorney for Plaintiff
DAVID HUDSON

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**