UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT COURT OF TEXAS

HOUSTON DIVISION

DAVID HUDSON,



David Hudson,

Plaintiff

V.                                                          CIVIL ACTION NO. 13-3096

NATIONAL OILWELL VARCO, L. P.

Defendant

**MOTION to Reinstate Civil Action H-13-3096, Reinstate the February 27, 2015 Court Date, Order R. T Willis, Attorney for the Plaintiff, to continue to Represent the Plaintiff, David Hudson, as previously ordered by the court and Summary Judgment**

This Court case was dismissed on 2/3/15. I received a copy of the Order on 2/11/15. I made many calls to the office of my attorney to get in a response by the end of this week if possible.

During the Hearing for the Motion to Withdraw by my Attorney, my Attorney was Ordered to continue to represent me. I requested my Attorney to file the proper Response to this Order received on 2/11/15. I am requesting the court to Order my Attorney, R. T. Willis, to continue to represent me and to file a Response to this 2/3/15 Order and to continue to Represent me as Ordered by the court during the Hearing for the Motion to Withdraw by my Attorney.

I am asking the Court to reinstate the Court date of or around 2/27/15. If this is not possible, I am asking the Court to reschedule this hearing date at the earliest possible date.

I am requesting that the Court Reinstate this case as soon as possible that will allow this case to continue and for this case to be heard on the previously scheduled 2/27/15, on or about, court date and that this court date be reinstated.

I have been asked Discovery questions many times during this case. I have asked many times that these be more specific if more information is needed.

There was a Deposition and Opposing Counsel stated that they closed Discovery and that they would have stayed there all night to finish Discovery. I was told by my Attorney that the Deposition could last a long time and that there was no set time for it. Opposing Counsel was in charge of the Deposition to get

any outstanding Discovery issues answered. Opposing Counsel asked their questions, all questions were answered and Opposing Counsel then closed the Deposition. After the Deposition and after the Discovery period, Opposing Counsel wanted to have another Deposition. Discovery lasted well over a year. During the Deposition, I was repeatedly asked the same questions over and over and that I had been asked minutes earlier. I was patient the first few times but this happened too many times. I was expected and have been expected to recall my whole life in detail yet Opposing Counsel does not hold themselves to the same standards they want to hold me.

On 9/13/15 a conference call held by both Attorney. Discovery was discussed here. The same questions were requested that they had answers to previously and Opposing Counsel did not get specific with the needed information and still left broad questions.

After the Deposition where my Attorney and I were available for the time Opposing Counsel needed, Opposing Counsel closed the Deposition and stated that he didn't know Houston that well and he was going out that night to get to know it better. I was in the Deposition with not all the amenities I needed to take care of my health yet did the best I could and was dismissed only after Opposing Counsel was finished.

Jennifer Englander is the Attorney for Opposing Counsel that I have seen most communication yet she did not come for the Deposition and sent another attorney.

Opposing Counsel states that they have not received sufficient Discovery answers and send much correspondence for me to complete. They send a Notice of Records Deposition to the company T-Mobile for records. If they sent a Records Deposition for this, they can send the same to other parties where they need information. I am the Plaintiff and they can obviously ask me for information yet they can ask outside parties also and they have already done this and set a precedent by doing that. So the claim that they lack information can be solved by going directly to the source with them requesting information directly. Opposing Counsel goes directly to others to get information when it is convenient yet stated that I don't give all information needed even after I have asked them to be more specific and to provide examples also to show that I haven't given complete information. They close the Deposition to go explore Houston yet try to open another session after Discovery has ended. I ask the Court to suspend all Discovery by Opposing Counsel and reinstated the 2/27/15 Court Date or set a new Court Date. Opposing Counsel has shown that they can go directly to get information so there should be no excuse by them for missing Discovery, especially after they had well over a year to do Discovery.

Opposing Counsel stated in the Motion to Withdraw that they wanted to do the Deposition within 2-3 weeks and exceeded that timeframe.

I request that the Judge rule that the signed order on 2/3/15 be declared invalid because Opposing Counsel has showed that they don't need me all of the time to get their entire Discovery needed.

During the Deposition and Discovery, I have answered questions directly or have given the source of the information. Opposing Counsel has shown they can go directly to the source. I have suggested many times, that Opposing Counsel go directly to the source and yet this has not been received well. I have

recently been certified as Disabled by a Federal Agency. Doctors and Lawyers from this agency and/or representing this agency certified me as Disabled yet Opposing Counsel claims I am not Disabled. Opposing Counsel is entitled to their opinion, but we are in Federal Court and they are claiming that a Federal Agency did invalid work. Please tell Opposing Counsel to stop referencing this claim in written documents.

During the Deposition and Discovery, I have stated many times that Opposing Counsel contact outside parties directly if my information is not complete, as a secondary tool, which they have shown they can do this when convenient. I have stated that they could contact Social Security or my Attorney for Social Security, Jim Adler and Associates, also, just to list a few as example here.

Jim Adler and Associates, were successful in getting medical information sufficient for my Disability case with the same information I provided Opposing Counsel. Based on this, Jim Adler can be contacted for this information on request. Their office stated there is a charge for that but yet they were successful with the same information. Based on this, I Request that the judge rule that Discovery by Opposing Counsel is closed and that the Hearing is reinstated and that my Attorney is reinstated to represent me.

Dr. Naghavi, who was seeing me when I was Discharged by NOV, would only give me the last day of records, yet she and her office gave my Attorney for Disability, Adler, all records. I told my Attorney about this so he could tell Opposing Counsel. How can I be expected to give Discovery to the satisfaction of Opposing Counsel when parties sometimes give an individual limited information and yet give more information to an Attorney?   Based on this I Request that this case be reinstated to the Dismissal level with the court and that includes my Attorney to continue to represent me.

U of H and Megan Stubinski would not give written accounts of my health in the past and asked that all inquiries be done by phone. I informed NOV of this before, during, and after employment with them. Dr. Stubinski did change this on 10/10/12 when she wrote the first of two letters concerning my health.

I also ask also for continued patience with my health, seeing I function at many different levels which has been communicated many times to all concerned parties.

If it is agreeable with the Court, I am requesting also Summary Judgment on this case. Opposing Counsel has shown that don't need me most of the time for the information they claim they need. I am just a simple man and they have the financial backing of a Fortune 500 company so prolonging the case is not as detrimental to them overall.

I pray that all Requests for Action in this Motion be granted and to be granted immediately on receipt of this by the Court.

Sincerely and Respectfully Submitted by the Plaintiff David Hudson and I Pray for a successful outcome on all Actions and Request and a Swift Conclusion to this case,

*[signature]*

David J. Hudson, Plaintiff

2/13/15